IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HCAPS CONROE AFFILIATION INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-mc-60-N-BN |
| | § | |
| ANGELICA TEXTILE SERVICES INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO QUASH SUBPOENA**

Non-Party HCAPS Conroe Affiliation, Inc. ("HCAPS Conroe") has filed a Motion

to Quash the 30(b)(6) Subpoena by Angelica Textile Services, Inc. *See* Dkt. No. 1.

United States District Judge David C. Godbey referred this motion to the undersigned

United States magistrate judge for determination. *See* Dkt. No. 2.

The Court set an expedited schedule for any response and required HCAPS

Conroe's counsel to serve the briefing order on all counsel of record and unrepresented

parties in the underlying litigation in the Southern District of Texas. *See* Dkt. No. 3.

HCAPS Conroe's counsel has filed a certificate of service confirming its compliance. *See*

Dkt. No. 4. No response has been timely filed.

**Background**

According to HCAPS Conroe's motion, on February 17, 2012, HCAPS Conroe and

the pre-petition debtors Sadler Clinic, PLLC  and Montgomery County Management

Company, LLC (collectively, the "Debtors") entered into various agreements related to the medical practice at Conroe Regional Medical Center in Conroe, Texas, but, subsequently, on May 30, 2012, HCAPS Conroe notified the Debtors that those agreements were terminated. *See* Dkt. No. 1 at 2-3. On June 15, 2012, the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in *In re Sadler Clinic, PLLC, et al.*, No. 12-34546 (S.D. Tex.).

On July 6, 2012, the Debtors filed an adversary proceeding against, among other entities and individuals, HCAPS Conroe, and thereafter the parties to the proceeding against HCAPS Conroe, *PLLC et al. v. HCA Holdings, Inc. et al.*, Adv. Proceeding No. 12-3299, settled the underlying disputes. *See id.* at 3. On November 26, 2012, the Court approved the Settlement Agreement between HCAPS Conroe and the Debtors. See Dkt. No. 1-2.

On August 2, 2012, the Bankruptcy Court for the Southern District of Texas converted the cases to Chapter 7 of the Bankruptcy Code. Allison D. Byman then was appointed Chapter 7 Trustee (the "Trustee") to administer the assets of the bankruptcy estates.

On June 13, 2015, the Trustee filed an adversary proceeding against Angelica for alleged preferential fraudulent transfer under 11 U.S.C. § 547 and constructive fraudulent transfer under 11 U.S.C. § 548 for pre-petition payments made to Angelica Textile Services, Inc. ("Angelica") between March and April 2012.

On May 15, 2015, in that adversary proceeding, Angelica served a subpoena on HCAPS Conroe, which is not a party to the proceeding, requiring a Federal Rule of

Civil Procedure 30(b)(6) deposition. *See* Dkt. 1-4. The deposition is noticed for Alston & Bird LLP's Dallas office. *See id.* The subpoena also commands HCAPS Conroe to produce, pursuant to Federal Rule of Civil Procedure 45(c)(2), six categories of documents at the same location in Dallas, Texas. *See id.*

HCAPS Conroe timely filed this motion to quash under Federal Rules of Civil Procedure 26(c) and 45 on the agreed-upon extended date for compliance with the subpoena. *See id.* at 4.

## Legal Standards

Federal Rule of Civil Procedure 45 "explicitly contemplates the use of subpoenas in relation to non-parties" and governs subpoenas served on a third party as well as motions to quash or modify or to compel compliance with such a subpoena. *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009). Federal Rule of Civil Procedure 34 governs requests for production of documents and electronically stored information from a party and explains that, "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." FED. R. CIV. P. 34(c).

Under Rule 45(c)(2), "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and (B) inspection of premises at the premises to be inspected." FED. R. CIV. P. 45(c)(2); *see also* FED. R. CIV. P. 45(a)(1)(C) ("A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises ... may

be set out in a separate subpoena."). Federal Rule of Civil Procedure 45(d)(2)(A) provides that "[a] person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial." FED. R. CIV. P. 45(d)(2)(A).

Rule 45(c)(1) further provides that "[a] subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (I) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(c)(1).

The target of a Rule 45 subpoena can file a motion to quash or modify the subpoena. Under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that ... (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); ... or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A).

On a motion asserting undue burden, "[t]he moving party has the burden of proof to demonstrate 'that compliance with the subpoena would be unreasonable and oppressive.'" *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (quoting *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)) ( internal quotation marks omitted). The moving party opposing discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting

affidavits or offering evidence revealing the nature of the burden. *See S.E.C. v. Brady*, 238 F.R.D. 429, 437-38 (N.D. Tex. 2006); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005). "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Wiwa*, 392 F.3d at 818 (internal quotation marks and footnote omitted). "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* (footnote omitted). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.* (footnote omitted).

"When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)." *Williams*, 178 F.R.D. at 110. Generally speaking, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Thus, "'[u]nder the federal discovery rules, any party to a civil action is entitled to all information relevant to the

subject matter of the action before the court unless such information is privileged,'" and

"[d]iscovery requests are relevant when they seek admissible evidence or evidence that

is 'reasonably calculated to lead to the discovery of admissible evidence.'" *Wiwa*, 392

F.3d at 820 (quoting *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1086 (5th Cir.

1979); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th

Cir. 1990)). "Whether [a requesting party's] discovery requests [to a non-party served

with a subpoena] are relevant thus turns on whether they are 'reasonably calculated'

to lead to evidence admissible as to [its] claims" or defenses against its opponent in the

underlying case. *Id.*

### Analysis

HCAPS Conroe first argues that the requested deposition should be quashed for

violating Federal Rule of Civil Procedure 45, as made applicable herein by Federal

Rule of Bankruptcy Procedure 9016, which commands compliance with a deposition

request within "100 miles where the [subpoenaed entity] resides, is employed, or

regularly transacts business in person." *See* Dkt. No. 1 at 5. The Court agrees and

further concludes that, although HCAPS Conroe's motion does not exprerssly extend

this argument to the commanded document production, the asserted violation of Rule

45(c)'s geographical limits applies equally to the entire subpoena, where HCAPS

Conroe is both commanded to appear for deposition and produce documents at the

same location on the same date and time. *See* Dkt. No. 1-4.

HCAPS Conroe has submitted an Affidavit of Mike T. Bray, Vice President of

HCAPS Conroe Affiliation, Inc. *See* Dkt. No. 1. Mr. Bray testifies that "HCAPS Conroe

is a Texas Corporation with its principal place of business in Nashville, Tennessee";
that "HCAPS Conroe's principal office in Texas is in Houston"; and that "HCAPS
Conroe does not regularly transact business in Dallas, Texas." *Id.* at 2. No response,
again, has been filed to the motion to quash or these factual assertions.

Rule 45(c) is very clear – a subpoena may command "production of documents,
electronically stored information, or tangible things at a place within 100 miles of
where the person resides, is employed, or regularly transacts business in person" and
may command a person to attend "a deposition only as follows: (A) within 100 miles of
where the person resides, is employed, or regularly transacts business in person; or (B)
within the state where the person resides, is employed, or regularly transacts business
in person, if the person (I) is a party or a party's officer; or (ii) is commanded to attend
a trial and would not incur substantial expense." FED. R. CIV. P. 45(c)(1), (c)(2)(A). Rule
45(d) requires the Court, on a timely motion, to quash or modify a subpoena that
"requires a person to comply beyond the geographical limits specified in Rule 45(c)."
FED. R. CIV. P. 45(d)(3)(A).

HCAPS Conroe is not a party to the underlying adversary proceeding and has
shown that Angelica's subpoena commanding deposition testimony and document
production requires HCAPS Conroe to comply beyond Rule 45(c)'s geographical limits.
This is not the kind of violation that lends itself to modification, particularly where the
Court is only "the court for the district where compliance is required" based on
Angelica's issuing a subpoena in violation of Rule 45(c)'s geographical limits. And there
is no basis to excuse Angelica's violation of Rule 45(c)(2)'s geographical limit for

document production where the subpoena itself commands production at the same location on the same date and time as the commanded deposition. Under Rule 45(d)(2)(A), then, Angelica's subpoena, by its terms, does not excuse HCAPS Conroe's personal appearance at the place of production, *see* FED. R. CIV. P. 45(d)(2)(A), but rather expressly provides that HCAPS Conroe "is hereby commanded to produce (at the date, time and location previously specified) the documents, electronically stored information and/or tangible things (collectively, 'Materials') described below," Dkt. No. 1-4.

Accordingly, the subpoena served on non-party HCAPS Conroe to appear for deposition and to produce documents at Alston & Bird LLP's Dallas office is invalid and must be – and hereby is – quashed.

But the Court finds that an award of expenses is not warranted here under Federal Rule of Civil Procedure 45(d)(1) where the Court's decision on the motion to quash properly begins and ends with the fact that the subpoena violates Rule 45(c)'s geographical limits and where HCAPS Conroe's motion does not request an award of its attorneys' fees.

## Conclusion

Non-Party HCAPS Conroe Affiliation, Inc.'s Motion to Quash the 30(b)(6) Subpoena by Angelica Textile Services, Inc. [Dkt. No. 1] is GRANTED as explained above.

SO ORDERED.

DATED: June 22, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE